

Lizabeth Schalet
Staff Attorney, Employment Law Unit
199 Water Street
New York, NY 10038
(212) 298-3176
(646) 574-7704 Mobile

Fax (646) 390-3619
lschalet@legal-aid.org

Janet E. Sabel
*Attorney-in-Chief*
Chief Executive Officer

Adriene L. Holder
*Attorney-in-Charge*
Civil Practice

Young W. Lee
*Director*
Employment Law Unit

<u>VIA ECF</u>
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007

February 11, 2021

Re:   *House v. A.M. Newspaper Delivery Service, Inc*. et al.
      Case No. 20-cv-9193 (GHW)

Dear Judge Woods:

     This letter is submitted jointly by Plaintiff and Defendants as required by Your Honor's Order and Notice of Initial Conference, dated November 6, 2020 (ECF 07) and further order of January 4, 2021 (ECF 15).

1. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion

<u>Plaintiff</u>:

     Plaintiff, Alisa House (Ms. House) worked for Defendants delivering newspapers and towards the end of her tenure, parcels in Manhattan for approximately an eight-year period. Ms. House was subjected to severe and persistent sexual harassment by a supervisor and retaliation after complaining about this treatment. The adverse actions included refusing to pay for parking tickets incurred while working although it was standard practice for Defendants to pay for such tickets, reduction of hours, and termination of employment for a wholly pretextual reason. The sexual harassment was tolerated and condoned by individually named Defendant Mitchell Newman who failed to take any remedial action to prevent or remedy such harassment and aided and abetted various unlawful acts. Ms. House was not provided with any anti-discrimination or sexual harassment policies. Plaintiff's claims of sexual harassment and retaliation arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. L. §§ 290, *et seq*. ("NYSHRL"), (the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, et seq. ("NYCHRL").

     Additional legal and factual issues include whether Defendants misclassified her as an independent contractor rather than as an employee, and whether she signed one or more enforceable contracts requiring her to submit the claims she asserts herein to arbitration. Plaintiff alleges and

**Justice in Every Borough.**

expects to prove that she met the legal standard for an employee and that no enforceable contract requiring arbitration exists.

In addition, Plaintiff alleges that Defendants willfully failed to pay her the minimum wage in violation of the New York Labor Law ("NYLL") §§ 650 *et seq*. and failed to provide her with notices of pay rates and pay statements in violation of the New York Notice and Record Keeping Requirements, NYLL § 195 *et seq*.

Defendants:

Plaintiff was an independent contractor whom Defendants understand signed an agreement with a third party, CRS, to manage deliver newspapers that she retrieved from a warehouse used by Defendant A.M. Newspaper Delivery Service, Inc. Plaintiff has not supplied her agreement, but Defendants have reason to believe that her agreement requires her claims to be submitted to binding arbitration and that Defendants may be third-party beneficiaries of that agreement. Further, despite Defendants' request, Plaintiff has not substantiated her alleged exhaustion of remedies before asserting her Title VII claims, which are the basis for the Court's alleged subject matter jurisdiction.

Defendants deny Plaintiff's material allegations, including, but not limited to, the (false) notions that she was sexually harassed, reported sexual harassment to Defendants, and experienced any adverse employment actions because of such phantom report(s). Defendants further assert that Plaintiff was correctly classified as an independent contractor.

2. A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii)

Plaintiff:

This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's NYSHRL, NYCHRL and NYLL claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) in that the events in violation of Title VII took place in the State of New York.

Plaintiff complied with all Title VII exhaustion requirements as alleged in par. 5 of her First Amended Complaint. (ECF 18).

**Justice in Every Borough.**

Defendants cite the general venue statute, 28 U.S.C. § 1391(b)(2) to argue that venue in the SDNY is improper. That statute begins with the words "Except as otherwise provided by law." In this case, Title VII's own venue provision meets that exception. As noted above, 42 U.S.C. § 2000e-5(f)(3) specifically provides that venue is proper in "any judicial district in which the unlawful practice is alleged to have occurred."

Defendants:

Defendants do not concede that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5 as Plaintiff has not substantiated her alleged exhaustion of remedies before asserting her Title VII claims, which are the only federal questions presented in the First Amended Complaint. Defendants also contend that the Southern District of New York is an improper venue for this action because (i) no substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred within this district and all defendants do not reside in this district, *see* 28 U.S.C. § 1391(b)(2), and (ii) the practices at issue are alleged to have occurred outside this district, *see* 42 U.S.C. § 2000e-5(f)(3).

3. A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference

Plaintiff:

Currently, Plaintiff has no present intention of filing any motion.

Defendants:

Defendants intend to file a motion to dismiss for improper venue, if necessary. Following Plaintiff's production and authentication of her agreement(s) with CRS, which she references in the First Amended Complaint, Defendants may move to compel arbitration.

4. A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1))

To date, no discovery has taken place. Defendants respectfully request the opportunity to complete Plaintiff's deposition before other depositions are commenced.

5. A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii)

**Justice in Every Borough.**

<u>Plaintiff</u>:

The damages subject to computation will include the following economic losses: the loss of Plaintiff's personal vehicle, parking tickets and fines, income lost due to transfer, income lost due to termination, failure to be paid minimum wage, and expenses related to therapy visits to address the trauma of the harassment. In addition to economic distress, severe emotional distress requiring therapy will factor into the computation of damages. Before completing discovery, we are unable to calculate the dollar amount of each category. Our best current estimate is $75,000 in economic losses and $900,000 in emotional distress.

6. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference

<u>Plaintiff</u>:

To date, the parties have discussed whether they believe settlement discussions will be productive but have not yet reached a decision on the issue. Plaintiff believes that a settlement discussion will not be productive until the parties have provided the disclosures required by Rule 26(a). That would include a requirement that the Defendants produce any contract on which they might rely to argue that the Plaintiff is bound by an arbitration agreement. In addition, settlement talks will not be productive until Defendants have identified the Doe defendant(s) as another party that will come to the table. Plaintiff requests that if a settlement conference is ordered at this early stage, that discovery not be one-sided. Defendants should be required to produce documents and responses to interrogatories prior to any settlement conference so that Plaintiff can properly calculate her damages and weigh the importance of potentially exculpatory materials produced by Defendants.

<u>Defendants</u>:

Defendants would like a settlement conference before a magistrate judge or mediation through the District's Mediation Program. Defendants request that Plaintiff first produce her medical/therapy records reasonably in advance of such conference.

7. Any other information the parties believe may assist the Court in resolving the action

At this time, the parties do not have any other information that they believe may assist the Court in resolving the action.

                                                 Respectfully submitted,

                                                 /s/

                                                 Lizabeth Schalet
                                                 Attorney for Plaintiff

**Justice in Every Borough.**

cc: David Warner
    Attorney for Defendant

**Justice in Every Borough.**